# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

REGINALD A. MORGAN, et al., )
 )
    Plaintiff, )
 )
v. ) No. 4:07CV1784 DJS
 )
DEPARTMENT OF MENTAL )
HEATH, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Reginald Morgan and Robert Priester for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs bring this action under 42 U.S.C. § 1983. Named as defendants are the Missouri Department of Mental Health and Keith Schafer. The complaint seeks monetary and injunctive relief.

Plaintiffs, patients at St. Louis Psychiatric Rehabilitation Center, allege that they have been prohibited from giving legal advise to other mental patients. Plaintiffs further allege that they have been denied their right to free speech and right to freely assemble. Plaintiffs believe they should be released from the Center.

## Discussion

The complaint is frivolous because it is wholly conclusory and fails to allege any facts, which if proved, would entitle plaintiffs to relief.

Additionally, plaintiffs' assertion that they are prohibited from giving out legal advise fails to state a constitutional violation because plaintiffs do not have a constitutional right to give legal advice to other patients.

Even if the alleged facts had stated a constitutional claim, the complaint would be dismissed because plaintiffs have failed to allege that a policy of the Department of Mental Health is responsible for the alleged injuries. That is, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a governmental entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the governmental entity is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint

does not contain any allegations that a policy or custom of Missouri was responsible for the alleged violations of plaintiffs' constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of December, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE